**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 11, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

DANIEL NDIZEYE,

    Plaintiff - Appellant,

v.

CITY OF SAN DIEGO; JUDGE
CAROLYN GAIETTI, in her official
capacity; GAVIN CHRISTOPHER
NEWSOM, in his individual capacity;
MOLLY C. DWYER, in her official
capacity; JUDGES, CLERKS, AND
INDIVIDUAL DOES 1-20,

    Defendants - Appellees.

No. 25-8064
(D.C. No. 2:25-CV-00181-KHR)
(D. Wyo.)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Daniel Ndizeye initiated this case by filing a pro se complaint in the District of Wyoming. In his complaint, Ndizeye raised RICO, due process, and First Amendment claims allegedly stemming from the "deliberate suppression of [his] legal filings, the wrongful dismissal of cases without judicial review, and the collusion between city officials, court clerks, and federal judges to obstruct due process." R. at 4. He brought these claims against the City of San Diego, a California state judge, the Governor of California, the Clerk of the United States Court of Appeals for the Ninth Circuit, and various unnamed federal judges and court clerks.

Neither the defendants nor the events described by Ndizeye's complaint had any connection to Wyoming. So, the district court dismissed all claims without prejudice for lack of personal jurisdiction and improper venue. Ndizeye timely appealed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

On appeal, Ndizeye argues only that the district court "dismissed without performing the required transfer analysis – an abuse of discretion." Op. Br. at 2. But the district court did perform a transfer analysis. *See* R. at 29–30. The district court recognized that it had discretion to transfer Ndizeye's case in the interest of justice instead of dismissing it. *See* 28 U.S.C. §§ 1406(a) (transfer for improper venue), 1631 (transfer for want of

jurisdiction). The district court simply concluded that dismissal was more appropriate than transfer.

Ndizeye has not offered any argument on appeal that personal jurisdiction existed, that venue was proper, or that the result of the transfer analysis was wrong. He has therefore waived any such argument. *Lindstrom v. United States*, 510 F.3d 1191, 1196 (10th Cir. 2007). In any case, we agree with the district court that it did not have personal jurisdiction over the defendants, that venue was improper, and that dismissal, rather than transfer, was appropriate.

AFFIRMED.

Entered for the Court

Richard E.N. Federico
Circuit Judge